# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>vs.<br><br>KEYAWN LLOYD COOK, JR.,<br><br>　　　　　Defendant. | Case No. 2:19-cr-00313-GMN-NJK<br><br>REPORT AND RECOMMENDATION<br><br>(Docket No. 26) |

This matter was referred to the undersigned Magistrate Judge on Defendant Keyawn Lloyd Cook, Jr.'s motion to dismiss count two of the indictment. Docket No. 26. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 26, 29, .

**I.　BACKGROUND**

On December 4, 2019, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant in count one with attempted interference with commerce by robbery, in violation of 18 U.S.C. § 1951, and in count two with brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Docket No. 1. Both counts of the indictment arise out of an incident that allegedly occurred on July 16, 2019. *Id*.

**II.　ANALYSIS**

A "crime of violence" for the purpose of a § 924(c) charge is defined in §924(c)(3) as an offense that is a felony and –

　　(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

On June 24, 2019, the United States Supreme Court held that 18 U.S.C. § 924(c)(3)((B) – the "residual clause" definition of "crime of violence" is unconstitutionally vague.[1] *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Therefore, a charged crime must fall within the elements clause in order to qualify as a crime of violence.

Defendant submits that the attempted Hobbs Act robbery alleged in count one does not categorically qualify as a crime of violence and asks the Court to dismiss count two. *See* Docket No. 26. Specifically, Defendant submits that a Hobbs Act robbery does not qualify as a crime of violence under the elements clause, as it "does not categorically require the use, attempted use, or threatened use of intentional, violent physical force against a person or property of another." *Id*. at 4-5. Further, Defendant submits that the statute is overbroad as "a person can be convicted of an attempted Hobbs Act robbery without even arriving at the location of the planned robbery, much less using, attempting, or threatening to use violent physical force." *Id*. at 5-6. Defendant submits that other Circuits agree with his analysis and that, prior to *Davis*, attempted Hobbs Act robbery qualified as a violent crime under the residual clause. *Id*. at 6-7, 10-11.

Defendant concedes that, post-*Davis*, the Supreme Court has not issued controlling authority as to whether attempted Hobbs Act robbery categorically qualifies as a violent crime under the elements clause. *Id*. at 7. Defendant further concedes that the Ninth Circuit has found that both attempted and completed Hobbs Act robbery qualify as crimes of violence under the elements clause. *Id*. *See also United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020).

---

[1]     Subparagraph (A) is known as the "elements clause."

Defendant submits, however, that the Ninth Circuit incorrectly applied the categorical analysis in *Dominguez*. Docket No. 26 at 7-10, 12-14. In support of his argument, Defendant submits that the Fourth Circuit found, in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), that completed Hobbs Act robbery qualifies as a crime of violence but that attempted Hobbs Act robbery does not. *Id*. at 10-11. Defendant also submits that "numerous" federal district courts have also found that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c). Id. at 11-12.

Defendant submits that, prior to *Dominguez*, a district court in the Northern District of California found that Hobbs Act robbery is not a crime of violence under § 924(c). *Id*. at 14. Defendant presents a categorical analysis of Hobbs Act robbery and submits that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under the elements clause and that *Dominguez* was incorrectly decided. *Id*. at 14-20. Defendant therefore asks the Court to find that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under the elements clause and to dismiss count two of the indictment. *Id*. at 21.

In response, the United States submits that *Dominguez* constitutes binding Ninth Circuit precedent. Docket No. 29 at 2. The United States submits that, while Defendant may believe that the court in *Dominguez* incorrectly analyzed the issue before it, this Court is bound by the law of its own Circuit. *Id*. Therefore, the United States submits, this Court must follow the reasoning of *Dominguez* rather than *Taylor*, which is a case from a different Circuit. *Id*.

The United States submits that, on April 7, 2020, the Ninth Circuit held in *Dominguez* that both completed and attempted Hobbs Act robbery are crimes of violence under the elements clause. *Id*. at 3. The United States submits that Defendant raises no new issues in his motion; rather, he argues that the *Dominguez* court incorrectly applied the categorical analysis. *Id*. at 3-4.

1  The United States further submits that *Dominguez* specifically rejected Defendant's argument that
2  completed Hobbs Act robbery does not qualify as a crime of violence since it can be committed
3  by causing fear of future injury to intangible property. *Id*. at 4. Further, the United States submits
4  that, although Defendant claims that the Ninth Circuit incorrectly applied the overbreadth analysis
5  outlined in *en banc* and Supreme Court precedent, Defendant cites to no such precedent and the
6  United States is unaware of any. *Id*. Finally, the United States submits that the Court is bound by
7  Ninth Circuit precedent and such precedent "squarely holds" that attempted Hobbs Act robbery
8  qualifies as a crime of violence under the elements clause. *Id*. at 5. Therefore, the United States
9  asks the Court to deny Defendant's motion. *Id*.
10     In reply, Defendant submits that both attempted and completed Hobbs Act robberies cannot
11 qualify as crimes of violence under the elements clause. Docket No. 30 at 3. Defendant submits
12 that a circuit split exists as to this issue and that, despite that circuit split, the United States relies
13 upon the Ninth Circuit's *Dominguez*. *Id*. Defendant submits that he acknowledged the *Dominguez*
14 decision in his motion to dismiss, but that he believes its holding are flawed. *Id*. Defendant further
15 submits that, on January 21, 2021, Dominguez filed a petition for writ of certiorari in the Supreme
16 Court, challenging whether attempted Hobbs Act robbery qualifies as a crime of violence. *Id*. at
17 4. Defendant submits that the Solicitor General's response is due on February 25, 2021 and asks
18 this Court to stay its decision on this matter until the Supreme Court resolves the petition. *Id*.
19 Therefore, Defendant asks the Court to find that attempted Hobbs Act robbery does not qualify as
20 a crime of violence under the elements clause. *Id*. Alternatively, Defendant asks the Court to stay
21 its decision on this motion until the Supreme Court resolves the petition for writ of certiorari that
22 is before it in the *Dominguez* case. *Id*.
23

In order to qualify as a crime of violence under the elements clause, the offense must have as an element the use, attempted use, or threatened use of "*violent* [physical force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010); *Davis*, 1396 S.Ct. at 2325-2326 (applying Johnson to § 924(c)). To determine whether an offense qualifies as a "crime of violence" under section 924(c)(3), the Ninth Circuit applies the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Piccolo*, 441 F.3d 1084, 1086–87 (9th Cir.2006) ("In the context of crime of violence determinations under section 924(c), our categorical approach applies regardless of whether we review a current or prior crime").

The Court is bound by Ninth Circuit precedent. District courts are bound by the law of their own circuit. *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987). Nonetheless, Defendant submits that *Dominguez* was wrongly decided. "The Court is not aware of any authority, however, that permits a district court to disregard the ruling of its circuit on the ground that the district court believes the decision is incorrect. Indeed, the caselaw is to the contrary." *Pac. Telesis Grp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 1999 WL 155697, at *2 (N.D. Cal. Mar. 16, 1999). *See also Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir.1981) (holding that district courts are bound by the decisions of their home circuit "no matter how egregiously in error they feel their own circuit to be"). Accordingly, the Court is bound by the Ninth Circuit's decision in *Dominguez*.

*Dominguez* held that attempted Hobbs Act robbery categorically qualifies as a crime of violence under the elements clause. "An offense is categorically a crime of violence only if the least violent form of the offense qualifies as a crime of violence." *Dominguez*, 954 F.3d at 1259. Considering the "fear of injury" provision the least serious way to violate of the Hobbs Act robbery

5

statute, the Court found that "placing a victim in fear of bodily injury is categorically a crime of violence under the elements clause because it 'requires at least an implicit threat to use the type of violent physical force necessary to meet the Johnson standard.'" *Id*. at 1260 (quoting *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017)). Further, since completed Hobbs Act robbery qualifies as a crime of violence under § 924, "attempted Hobbs Act robbery is also a crime of violence." *Id*. at 1261. The Court in Dominguez found that its analysis of this issue follows the analysis already determined in the Seventh and Eleventh Circuits, and stated:

> 18 U.S.C. § 924(c)(3)(A) explicitly includes as crimes of violence offenses that have as an element the 'attempted use' or 'threatened use' of force.... An attempt to commit a crime should therefore be treated as an attempt to commit every element of that crime. "When the intent element of the attempt offense includes intent to commit violence against the person of another, ... it makes sense to say that the attempt crime itself includes violence as an element."

*Id*. at 1261-62 (quoting *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017)).

The Court is bound by the *Dominguez* decision and, therefore, finds that attempted Hobbs Act robbery categorically qualifies as a crime of violence under the elements clause. *See also United States v. Stankus*, 2021 WL 249067, at *1 (9th Cir. Jan. 26, 2021) (Defendant's argument that Hobbs Act robbery is not a crime of violence is foreclosed by the Court's decision in *Dominguez*).[2]

. . . .

. . . .

. . . .

---

[2] Defendant alternatively asks the Court to stay its decision on the instant motion; however, Defendant cites to no authority for this request. In any event, the mere filing of a petition for writ of certiorari in a separate case does not constitute reason to stay this matter.

## III.  CONCLUSION

Based on the foregoing and good cause appearing therefore,

**IT IS RECOMMENDED** that Defendant's motion to dismiss count two be **DENIED**. Docket No. 26.

DATED: February 3, 2021.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).