**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                           )<br>                          Plaintiff,    )<br>      vs.                                               )<br>                                                           )<br>KEYAWN LLOYD COOK, JR.,        )<br>                                                           )<br>                          Defendant.  )<br>_____ ) | Case No.: 2:19-cr-00313-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Nancy Koppe, (ECF No. 31), which recommends that the Court deny Defendant Keyawn Lloyd Cook, Jr.'s ("Defendant's") Motion to Dismiss Count Two of the Indictment, (ECF No. 26). Defendant filed an Objection to the R&R, (ECF No. 34), to which the Government filed a Response, (ECF No. 35).

Defendant's Motion concerns whether Attempted Interference with Commerce by Robbery ("Attempted Hobbs Act Robbery") is a crime of violence within the meaning of 18 U.S.C. § 924(c). On December 4, 2019, the Government charged Defendant by Indictment with one count of Attempted Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and one count of Brandishing a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*See* Indictment, ECF No. 1). Defendant now moves to dismiss Count Two of the Indictment, arguing that Count One is not a predicate crime of violence that could support a conviction under Count Two. (*See* Mot. Dismiss, ECF No. 26).

A predicate crime of violence must be a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" *See* 18 U.S.C. § 924(c)(3)(A) (referred to as the statute's "elements clause"); *see also United States v. Davis*, 139 S. Ct. 2319, 2324 (2019) (explaining the distinction between the statute's

elements clause and residual clause).  When analyzing whether a statute is a crime of violence under the elements clause, courts generally apply a "categorical approach" wherein only "[i]f the least of the acts criminalized by [a given crime] would be a crime of violence under § 924(c)(3)(A) . . . is [the crime] categorically a crime of violence under the elements clause." *See United States v. Dominguez*, 954 F.3d 1251, 1263 (Nguyen, J., Dissenting in part) (quoting *United States v. Fultz*, 923 F.3d 1192, 1194–95 (9th Cir. 2019)).

Defendant argues that the Court should dismiss Count Two because a proper application of the categorical approach would necessitate concluding that Attempted Hobbs Act Robbery is not a crime of violence under § 924(c). (*See* Mot. Dismiss 5:3–13:14, ECF No. 26).  While laudably argued in the Motion to Dismiss, the Ninth Circuit recently concluded that Attempted Hobbs Act Robbery is a crime of violence in *Dominguez*. (R&R 3:10–17, ECF No. 31).  This Court is bound by Circuit precedent, which requires the Court to reach the same conclusion.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 31), is **ACCEPTED** and **ADOPTED in full**.[1]

**IT IS FURTHER ORDERED** that the Motion to Dismiss, (ECF No. 26), is **DENIED**.

Dated this  29  day of March, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] In his Reply to the Motion, Defendant asks that the Court stay resolution of the Motion given the petition for writ of certiorari in *Dominguez*. (Reply Mot. Dismiss 4:22–23, ECF No. 30).  A response to the Petition has not yet been filed, and the Court agrees with the R&R's conclusion that the mere possibility of a future change in law deriving from another case does not support an indefinitely long stay in this case. (R&R 6:17 n.2).